# ORIGINAL



FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUN 17 2020

JAMES N. HATTEN, Clerk

By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ARDEN MCCANN,
    a/k/a RCQueen,
    a/k/a DRXanax,
    a/k/a Xanaxlabs,
    a/k/a Pasitheas,
    a/k/a TheMailMan,
    a/k/a WhiteYellowGreen,
    a/k/a XanaxBlotters.

Criminal Indictment

No. 1:20-CR-084

FIRST SUPERSEDING

THE GRAND JURY CHARGES THAT:

## BACKGROUND TO COUNTS 1-3

1. The substance 3,4-dichloro-N-[2-(dimethylamino)cyclohexyl]-N-methylbenzamide is commonly known as U-47700, and shall be referred to as "U-47700" throughout this Indictment. It is a Schedule I Controlled Substance as of November 14, 2016. Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

2. The substance N–(1–phenethylpiperidin–4–yl)–N–phenylfuran–2–carboxamide is commonly known as furanyl fentanyl, and shall be referred to as "furanyl fentanyl" throughout this Indictment. It is a Schedule I Controlled Substance as of November 29, 2016 and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

3.  The substance N-(4-fluorophenyl)-N-(1-phenethylpiperidin-4-yl)isobutyramide is commonly known as 4-fluoroisobutyryl fentanyl or 4-FIBF, and shall be referred to as "4-FIBF" throughout this Indictment. It is a Schedule I Controlled Substance as of May 3, 2017 and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

4.  The substance N–(1–phenethylpiperidin–4–yl)–N–phenylacrylamide is commonly known as acryl fentanyl, and shall be referred to as "acryl fentanyl" throughout this Indictment. It is a Schedule I Controlled Substance as of July 14, 2017 and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

5.  The substance 2–methoxy–N–(1–phenethylpiperidin–4–yl)–N–phenylacetamide is commonly known as methoxyacetyl fentanyl, and shall be referred to as "methoxyacetyl fentanyl" throughout this Indictment. It is a Schedule I Controlled Substance as of October 26, 2017 and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide). Prior to that date, it was a Controlled Substance Analogue, as defined in Title 21, United States Code, Section 802(32).

## Count One

Beginning on a date unknown to the Grand Jury, but at least as of on or about November 2015, and continuing thereafter up to and including the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendant,

ARDEN MCCANN,
a/k/a RCQueen,

2

a/k/a DRXanax,
a/k/a Xanaxlabs,
a/k/a Pasitheas,
a/k/a TheMailMan,
a/k/a WhiteYellowGreen,
a/k/a XanaxBlotters,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with other persons, known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with the intent to distribute a controlled substance and a controlled substance analogue;

a) Said conspiracy involving the following controlled substances: at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a mixture and substance containing a detectable amount of alprazolam, a Schedule IV controlled substance; a mixture and substance containing a detectable amount of U-47700, a Schedule I controlled substance; at least 100 grams of a mixture and substance containing a detectable amount of carfentanil, a Schedule II controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and substance containing a detectable amount of furanyl fentanyl, a Schedule I controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and at least 100 grams of a mixture and substance containing a detectable amount of 4-FIBF, a Schedule I controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), pursuant to Title 21, United States Code, Sections 841(b)(1)(A), 841(b)(1)(C), and 841(b)(2);

3

b) Said conspiracy involving the following controlled substance analogues, as defined in Title 21, United States Code, Section 802(32), that were intended for human consumption and are treated as a controlled substance in Schedule I of the Controlled Substances Act: a mixture and substance containing a detectable amount of U-47700; at least 100 grams of a mixture and substance containing a detectable amount of furanyl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and substance containing a detectable amount of 4-FIBF, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and substance containing a detectable amount of acryl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and at least 100 grams of a mixture and substance containing a detectable amount of methoxyacetyl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), pursuant to Title 21, United States Code, Sections 813, 841(b)(1)(A), and 841(b)(1)(C); and

c) M.G. suffered serious bodily injury and death as a result of M.G.'s use of said substance (fentanyl) on or about December 5, 2016, and R.M. suffered serious bodily injury as a result of R.M.'s use of said substance (furanyl fentanyl) on or about April 17, 2016, pursuant to Title 21, United States Code, Sections 813, 841(b)(1)(A), and 841(b)(1)(C).

All in violation of Title 21, United States Code, Section 846.

4

## Count Two

Beginning on a date unknown to the Grand Jury, but at least as of on or about November 2015, and continuing thereafter up to and including the date of this Indictment, in the Northern District of Georgia, Canada, China and elsewhere, the defendant,

ARDEN MCCANN,
a/k/a RCQueen,
a/k/a DRXanax,
a/k/a Xanaxlabs,
a/k/a Pasitheas,
a/k/a TheMailMan,
a/k/a WhiteYellowGreen,
a/k/a XanaxBlotters,

and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, agree, and have a tacit understanding to violate Title 21, United States Code, Sections 952(a), 952(b), and 960(a)(1), that is, to knowingly and intentionally import a controlled substance and a nonnarcotic controlled substance in Schedule IV into the United States from a place outside the United States, including Canada and China;

a) Said conspiracy involving the following controlled substances: at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; a mixture and substance containing a detectable amount of U-47700, a Schedule I controlled substance; at least 100 grams of a mixture and substance containing a detectable amount of carfentanil, a Schedule II controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and substance containing a detectable amount of furanyl fentanyl, a Schedule I

5

controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and at least 100 grams of a mixture and substance containing a detectable amount of 4-FIBF, a Schedule I controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), pursuant to Title 21, United States Code, Sections 960(b)(1) and (b)(3);

b) Said conspiracy involving the following controlled substance analogues, as defined in Title 21, United States Code, Section 802(32), that were intended for human consumption and are treated as a controlled substance in Schedule I of the Controlled Substances Act: a mixture and substance containing a detectable amount of U-47700; at least 100 grams of a mixture and substance containing a detectable amount of furanyl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and substance containing a detectable amount of 4-FIBF, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and substance containing a detectable amount of acryl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and at least 100 grams of a mixture and substance containing a detectable amount of methoxyacetyl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), pursuant to Title 21, United States Code, Sections 813, 960(b)(1), and 960(b)(3);

c)  Said conspiracy involving a mixture and substance containing a detectable amount of alprazolam, a Schedule IV nonnarcotic controlled substance, pursuant to Title 21, United States Code, Sections 960(b)(6) and 841(b)(2); and

d)  M.G. suffered serious bodily injury and death as a result of M.G.'s use of said substance (fentanyl) on or about December 5, 2016, and R.M. suffered serious bodily injury as a result of R.M.'s use of said substance (furanyl fentanyl) on or about April 17, 2016, pursuant to Title 21, United States Code, 813, 960(b)(1), and 960(b)(3).

All in violation of Title 21, United States Code, Section 963.

**Count Three**

Beginning on a date unknown to the Grand Jury, but at least as of on or about November 2015, and continuing thereafter up to and including the date of this Indictment, in the Northern District of Georgia, Canada, China and elsewhere, the defendant,

ARDEN MCCANN,
a/k/a RCQueen,
a/k/a DRXanax,
a/k/a Xanaxlabs,
a/k/a Pasitheas,
a/k/a TheMailMan,
a/k/a WhiteYellowGreen,
a/k/a XanaxBlotters,

and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, agree, and have a tacit understanding to violate Title 21, United States Code, Section 959, that is, to knowingly and intentionally distribute a controlled substance;

7

a)  Said conspiracy involving the following controlled substances: at least 400 grams
    of a mixture and substance containing a detectable amount of fentanyl, a
    Schedule II controlled substance; a mixture and substance containing a detectable
    amount of U-47700, a Schedule I controlled substance; at least 100 grams of a
    mixture and substance containing a detectable amount of carfentanil, a Schedule
    II controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-
    phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and
    substance containing a detectable amount of furanyl fentanyl, a Schedule I
    controlled substance and an analogue of fentanyl (N-phenyl-N-[1-(2-
    phenylethyl)-4-piperidinyl] propanamide); and at least 100 grams of a mixture
    and substance containing a detectable amount of 4-FIBF, a Schedule I controlled
    substance and an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-
    piperidinyl] propanamide), pursuant to Title 21, United States Code, Sections
    960(b)(1) and 960(b)(3);

b)  Said conspiracy involving the following controlled substance analogues, as
    defined in Title 21, United States Code, Section 802(32), that was intended for
    human consumption and is treated as a controlled substance in Schedule I of the
    Controlled Substances Act: a mixture and substance containing a detectable
    amount of U-47700; at least 100 grams of a mixture and substance containing a
    detectable amount of furanyl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-
    (2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a mixture and
    substance containing a detectable amount of 4-FIBF, an analogue of fentanyl (N-
    phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); at least 100 grams of a

8

mixture and substance containing a detectable amount of acryl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide); and at least 100 grams of a mixture and substance containing a detectable amount of methoxyacetyl fentanyl, an analogue of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide),pursuant to Title 21, United States Code, Sections 813, 960(b)(1), and 960(b)(3); and

c) M.G. suffered serious bodily injury and death as a result of M.G.'s use of said substance (fentanyl) on or about December 5, 2016, and R.M. suffered serious bodily injury as a result of R.M.'s use of said substance (furanyl fentanyl) on or about April 17, 2016, pursuant to Title 21, United States Code, 813, 960(b)(1), and 960(b)(3),

knowing, intending, and having reasonable cause to believe that said substances would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 813, 959(a), 960(a)(3), and 963.

All in violation of Title 21, United States Code, Section 959(a).

**Count Four**

Beginning on a date unknown to the Grand Jury, but at least as of on or about November 2015, and continuing thereafter up to and including the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendant,

ARDEN MCCANN,
a/k/a RCQueen,
a/k/a DRXanax,
a/k/a Xanaxlabs,
a/k/a Pasitheas,
a/k/a TheMailMan,

9

a/k/a WhiteYellowGreen,
a/k/a XanaxBlotters,

did knowingly combine, conspire, confederate, agree and have a tacit understanding

with others known and unknown, to commit certain offenses under Title 18, United

States Code, Section 1956 as follows:

a) to knowingly conduct and attempt to conduct financial transactions in and

affecting interstate commerce, which transactions involved the proceeds of

specified unlawful activity, that is, the proceeds of the felonious manufacture,

importation, receiving, concealment, buying, selling and otherwise dealing in a

controlled substance punishable under a law of the United States, and, while

conducting and attempting to conduct such financial transactions, knowing that

the property involved in the financial transactions represented the proceeds of

some form of unlawful activity, and knowing the transactions were designed in

whole and in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of said unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(B)(i),

All in violation of Title 18, United States Code, Section 1956(h).

## Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One through Three

of this Indictment, the defendant,

ARDEN MCCANN,
a/k/a RCQueen,
a/k/a DRXanax,
a/k/a Xanaxlabs,
a/k/a Pasitheas,
a/k/a TheMailMan,

a/k/a WhiteYellowGreen,
a/k/a XanaxBlotters,

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections

853(a) and 970, all property constituting, or derived from, proceeds obtained, directly or

indirectly, as a result of the said violations and all property used or intended to be used,

in any manner or part, to commit, or to facilitate the commission of the said violations,

including, but not limited to, the following:

    a.  MONEY JUDGMENT: A sum of money in United States currency equal to the

        amount of proceeds the defendant obtained as a result of the offenses for

        which the defendant is convicted.

    b.  CRYPTOCURRENCY:

        (1) 4.92781631 bitcoins;

        (2) 1.97976947 bitcoins;

        (3) 1.07067782 bitcoins;

        (4) 0.04469956 bitcoins;

        (5) 0.000638 bitcoins;

        (6) 0.00000943 bitcoins;

        (7) 2.43990947 bitcoins;

        (8) 1.88 bitcoins; and

        (9) 0.00243075 bitcoins.

Additionally, upon conviction of the money laundering offense alleged in Count

Four of this Indictment, the defendant,

ARDEN MCCANN,
a/k/a RCQueen,
a/k/a DRXanax,
a/k/a Xanaxlabs,

11

a/k/a Pasitheas,
a/k/a TheMailMan,
a/k/a WhiteYellowGreen,
a/k/a XanaxBlotters,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in such offenses and all property traceable to such offenses, including, but not limited to, the following:

a. MONEY JUDGMENT: A sum of money in United States currency representing the total amount of money involved in each offense for which the defendant is convicted.

b. CRYPTOCURRENCY:

(1) 4.92781631 bitcoins;

(2) 1.97976947 bitcoins;

(3) 1.07067782 bitcoins;

(4) 0.04469956 bitcoins;

(5) 0.000638 bitcoins;

(6) 0.00000943 bitcoins;

(7) 2.43990947 bitcoins;

(8) 1.88 bitcoins; and

(9) 0.00243075 bitcoins.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided

without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to

the value of the forfeitable property or seek a money judgment against said defendant

for any amount that would constitute the proceeds of such violation.

A _____*True*_____ . _____ BILL

*Arlene S. Bellingsley*
FOREPERSON

BYUNG J. PAK
 *United States Attorney*

*Nicholas Hartigan*

NICHOLAS HARTIGAN
 *Assistant United States Attorney*
Georgia Bar No. 408147

*Tal C. Chaiken*

TAL C. CHAIKEN
 *Assistant United States Attorney*
Georgia Bar No. 273949

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181